# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:02cr121 |
| | ) | |
| | ) | JUDGE HAYNES |
| ANDRE JOHNSON | ) | |

## ORDER

Before the Court is Defendant Andre Johnson's motion for modification of sentence under 18 U.S.C. 3582(c) (Docket Entry No. 104), to which the Government filed a response (Docket Entry No. 106). Defendant subsequently filed a "Notice of Intent To Accept the United States' Opposition to Defendant's Motion . . . [.]" (Docket Entry No. 107).

On July 7, 2003, Defendant was sentenced to a concurrent sentence of 240 months on Counts One and Two and 210 months on Count Three, the then applicable statutory minimum sentence for Counts One and Two with an enhanced sentence under 21 U.S.C. § 851. The instant motion seeks to reduce Defendant's statutory minimum sentence to 120 months for Counts One and Two under the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 (Aug. 3, 2010).

In United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010), the Sixth Circuit held that the Fair Sentencing Act of 2010 does not apply retroactively.

> The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time Carradine committed the crime in question.

Id.

Here, Defendant's sentencing occurred prior to the enactment of the Fair Sentencing Act of 2010. Accordingly, Defendant's motion for reduction in sentence under this statute (Docket Entry No. 104) is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the 29th day of November, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge